# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60641
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 23, 2019

Lyle W. Cayce
Clerk

MADJIED ALI SAMSOEDIEN,

Petitioner-Appellant

v.

STEPHEN JULIAN, Warden, Correction Institution Adams County,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:15-CV-124

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Madjied Ali Samsoedien, federal prisoner # 28805-069, appeals the dismissal of his 28 U.S.C. § 2241 petition. In 2006, he was convicted of a single count of conspiracy to commit money laundering and sentenced to 210 months of imprisonment. In 2009, he filed an unsuccessful motion under 28 U.S.C. § 2255 within the Eleventh Circuit. Samsoedien now argues that, in light of *Regalado Cuellar v. United States*, 553 U.S. 550 (2008), he was convicted of a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nonexistent offense. He also asserts that he is actually innocent, that the evidence was insufficient to establish a money laundering conspiracy, that the jury instructions misstated the law, that the indictment was defective, and that the Government knowingly used perjured testimony at trial, among other claims. Based on the foregoing, Samsoedien seeks to contest his conviction under § 2241.

As the district court determined, Samsoedien may proceed via § 2241 only if he shows that relief under § 2255 is inadequate. To do so, this circuit's precedent requires him to demonstrate that his claim (i) is based on a retroactively applicable Supreme Court decision which established that he may have been convicted of a nonexistent offense and (ii) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010). Samsoedien, however, does not show that the claims were "foreclosed" by precedent at the time of his first § 2255 motion. *See id.* at 398. Additionally, there is no authority that would allow Samsoedien to proceed under § 2241 based on a showing of innocence or a miscarriage of justice without meeting the requirements of the savings clause.

AFFIRMED.